# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SHORTER, | CASE NO. 1:10-CV-00610-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| R. ROSENTHAL, et al., | (DOC. 1) |
| Defendants. | |

## Screening Order

**I.     Background**

Plaintiff Anthony Shorter ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on April 8, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary Of Complaint

Plaintiff was previously incarcerated at California State Prison at Corcoran ("CSP-COR") where the events giving rise to this action occurred. Plaintiff names the following Defendants: R. Rosenthal, senior librarian at CSP-COR; CDCR; CSP-COR, including Warden Derral G. Adams, associate warden S. Brooks, Dr. G. Doan, vice president of education, and S. Wortman, vice president of education; the appeals coordinator office, CSP-COR litigation office; T. Lloren; and 3B Yard custody staff.

Plaintiff alleges the following. On February 24, 2009, Plaintiff had requested copying services for his writ of habeas corpus, with exhibits. Defendant R. Rosenthal refused to copy the exhibits. On February 25, 2009, Plaintiff filed a CDC 602 inmate grievance. This grievance was screened out, and ultimately rejected.

On June 15, 2009, respondents had filed a motion to dismiss the writ. Plaintiff filed his opposition on July 21, 2009, and Defendant Rosenthal again refused to make copies of the exhibits. On July 24, 2009, Plaintiff filed another CDC 602 inmate grievance regarding this matter.

Plaintiff contends his issues with Defendant Rosenthal began in August 6, 2008, when Defendant Rosenthal continually harassed and denied/refused copies for Plaintiff. After numerous inmate grievances, CSP-COR allowed Defendant Rosenthal to continue his actions. Defendant Rosenthal would overcharge Plaintiff for services not rendered. Defendant suffered a mental relapse as a result of Defendant Rosenthal's abusive behavior towards Plaintiff. Plaintiff

avoids the law library except for emergencies, and requests the presence of a correctional officer.

Plaintiff requests as relief injunctive relief in the form of copies of his exhibits, and to send a letter to the Central District of California regarding Plaintiff's habeas corpus petition. Plaintiff also requests monetary damages plus court costs.

### III.     Analysis

#### A.     Access To The Courts

Inmates have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002). For backward-looking claims such as that at issue here, plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Id.* at 413-14.

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the touchstone of which is foreseeability. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)); *see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 784-85 (9th Cir. 2000). Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. *Harbury*, 536 U.S. at 415. The complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a). *Id.* at 417-18.

Plaintiff fails to state a cognizable access to the courts claim. Plaintiff fails to allege that he suffered an actual injury by being shut out of court. Plaintiff fails to allege the underlying claim, the writ of habeas corpus, that gives rise to his access to the courts claim. It is also unclear why Defendant Rosenthal's alleged actions in refusing to copy Plaintiff's exhibits gives rise to an

3

access to the courts claim, as it is unclear how this prevented Plaintiff from litigating his habeas corpus petition.  Plaintiff will be granted leave to amend as to this claim.

### B.   Verbal Harassment

Plaintiff alleges verbal harassment by Defendant Rosenthal.  Verbal harassment alone does not rise to the level of a constitutional deprivation.  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted).

### C.   State Agency And Eleventh Amendment

Plaintiff names CSP-COR and CDCR as Defendants.  CSP-COR is a prison under the control of CDCR, which is a state agency.  The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant.  *Lucas v. Dep't Of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff thus fails to state a claim under § 1983 against Defendants CSP-COR and CDCR.

### D.   Linkage Requirement

Plaintiff names Warden Derral G. Adams, associate warden S. Brooks, Dr. G. Doan and , vice presidents of education, the appeals coordinator office, the CSP-COR litigation office, T. Lloren, and 3B Yard custody staff as Defendants.  Plaintiff fails to link Defendants to any act or omission that indicate a violation of Plaintiff's constitutional or federal rights.  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v.  Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976); *see also Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").

Plaintiff fails to link any Defendants listed in this section to any act or omission that violated Plaintiff's constitutional rights.[1]  Plaintiff thus fails to state a claim against any of these Defendants.

### E.    Property Interest

Plaintiff also alleges that Defendant Rosenthal overcharged Plaintiff for services not rendered.  Plaintiff may be alleging that Defendant Rosenthal is depriving Plaintiff of a property interest.  The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533.

It is unclear whether the alleged deprivation of property was intentionally authorized or not.  Even if it was authorized, so long as Plaintiff was provided with due process, Plaintiff will not have a cognizable claim.

### IV.   Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants.  The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

---

[1] If Plaintiff alleges a constitutional right regarding a specific inmate grievance process, Plaintiff fails to state a claim.  Plaintiff does not have a due process right to a specific inmate grievance procedure.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2006) (citing *Mann v. Adams*, 855 F.3d 639, 640 (9th Cir. 1988)).

5

1   If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.
P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and

3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:  **November 29, 2010**       /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE