# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SHORTER,<br><br>        Plaintiff,<br><br>    v.<br><br>R. ROSENTHAL, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-CV-00610-DLB PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO FILE THIRD AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(DOC. 11) |

**Screening Order**

**I.    Background**

    Plaintiff Anthony Shorter ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on April 8, 2010. Plaintiff subsequently filed a first amended complaint on December 27, 2010. Plaintiff then filed a second amended complaint on March 2, 2011, which is the operative pleading. Doc. 11.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

1  § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been
2  paid, the court shall dismiss the case at any time if the court determines that . . . the action or
3  appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §
4  1915(e)(2)(B)(ii).

5        A complaint must contain "a short and plain statement of the claim showing that the
6  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
7  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
8  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
9  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual
10 matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,
11 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

12 **II.      Summary Of Second Amended Complaint**

13       Plaintiff was previously incarcerated at California State Prison at Corcoran ("CSP-COR")
14 where the events giving rise to this action occurred. Plaintiff names the following Defendants: R.
15 Rosenthal, senior librarian at CSP-COR; Dr. G. Doan, and Mr. S. Wortman, vice principals at
16 CSP-COR.

17       Plaintiff alleges the following. On February 24, 2009, Plaintiff had requested copying
18 services for his writ of habeas corpus, with exhibits. Defendant R. Rosenthal refused to copy the
19 exhibits. On June 15, 2009, respondents had filed a motion to dismiss the writ. Plaintiff filed his
20 opposition on July 21, 2009, and Defendant Rosenthal again refused to make copies of the
21 exhibits. Plaintiff also alleges verbal abuse and harassment by Defendant Rosenthal, which
22 caused mental injury.

23       Plaintiff alleges that Defendant G. Doan is liable because he was responsible for the
24 operations of the law library. Plaintiff alleges that Defendant S. Wortman is liable because he
25 responded to Plaintiff's inmate grievance regarding this issue and denied it.

26       Plaintiff requests injunctive relief in the form of copies of his exhibits, and to send a letter
27 to the Central District of California regarding Plaintiff's habeas corpus petition. Plaintiff also
28 requests monetary damages plus court costs.

III.  **Analysis**

    A.  **Access To The Courts**

Inmates have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  *Id.* at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002).  For backward-looking claims such as that at issue here, plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit.  *Id.* at 413-14.

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court.  *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351.  The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the touchstone of which is foreseeability.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)); *see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 784-85 (9th Cir. 2000).  Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts.  *Harbury*, 536 U.S. at 415.  The complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a).  *Id.* at 417-18.

Plaintiff fails to state a cognizable access to the courts claim.  Plaintiff fails to allege that he suffered an actual injury by being shut out of court regarding his writ of habeas corpus.  It is also unclear why Defendant Rosenthal's alleged actions in refusing to copy Plaintiff's exhibits gives rise to an access to the courts claim, as it is unclear how this prevented Plaintiff from litigating his habeas corpus petition or filing with the habeas court.  Plaintiff will be granted leave to amend as to this claim.

///

///

### B.     Verbal Harassment

Plaintiff alleges verbal harassment by Defendant Rosenthal.  Verbal harassment alone does not rise to the level of a constitutional deprivation. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted).  Additionally, Plaintiff alleges only mental injury.  "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

### C.     Supervisory Liability

Plaintiff alleges that Defendants Wortman and Doan are liable because of their supervisory positions.  The United States Supreme Court emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Allegations that Defendants Wortman and Doan are responsible because of their supervisory role amounts at most to liability under a *respondeat superior* theory, which fails to state a claim. Plaintiff has also failed to allege facts which demonstrate that the actions taken by Defendant Rosenthal, their subordinate, violated Plaintiff's constitutional rights.

///

### IV. Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a third amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's second amended complaint is dismissed for failure to state a claim, with leave to file a third amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 29, 2011**            **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

5