# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SHORTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. ROSENTHAL, et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-00610-LJO-DLB PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR MODIFICATION OF DISCOVERY AND SCHEDULING ORDER**<br><br>ECF No. 35<br><br>**ORDER DENYING PLAINTIFF'S MOTION REGARDING DEFENDANT'S COUNSEL**<br><br>ECF No. 36 |

Plaintiff Anthony Shorter ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's third amended complaint against Defendants R. Rosenthal, G. Doan, and S. Wortman for denial of access to the courts. Pending before the Court are: 1) Plaintiff's motion for extension of time to file discovery, filed August 15, 2012, and 2) Plaintiff's motion regarding Defendant's counsel, filed August 20, 2012. The matter is submitted pursuant to Local Rule 230(l).

**I.　August 15, 2012 Motion**

Plaintiff moves for an extension of the discovery cutoff date. Plaintiff contends that he was unaware that the discovery cutoff date was not the date by which discovery was to be served, but when discovery ended. The Court had set a discovery cutoff date of August 13, 2012. Discovery and Scheduling Order, filed Dec. 13, 2011, ECF No. 30. On July 23, 2012, Plaintiff had mailed a request to Defendants' counsel for discovery. On August 7, 2012, Defendants' counsel declined to

1

respond because the request was untimely. Plaintiff contends that these documents are necessary and that this was error on Plaintiff's part.

The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)). Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a pretrial scheduling order "shall not be modified except upon a showing of good cause," and leave of court. Fed. R. Civ. P. 16(b)(4); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002). Although "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

The Court finds sufficient good cause to grant a modification. Plaintiff was reasonably diligent in his pursuit of the modification, having filed it prior to the expiration of the deadline, and soon after he realized his error. Accordingly, the Court will set a discovery cutoff date of November 30, 2012. The Court will also modify the dispositive motion deadline and set it for January 11, 2013. All other provisions of the December 13, 2011 Discovery and Scheduling Order remain applicable.

**II.      August 20, 2012 Motion**

Plaintiff complains that Defendant's counsel had been counsel in a prior case involving Plaintiff. Plaintiff contends that he had filed a petition for writ of habeas corpus in Kings County Superior Court, and upon examining his legal documents discovered that Defendant's counsel in this action had represented prison officials in his petition. Plaintiff requests that the Court find out if any court or state bar rules were violated, and whether Defendant's counsel had an affirmative obligation to make Plaintiff aware of her prior representation.

Plaintiff provides no legal basis for his motion, nor does he explain why counsel's previous representation violates any rules of this Court or the state bar. In both this case and the prior petition, Defendants' counsel is representing the interests of prison officials. It is unclear how this would violate any rules. The motion will be denied.

///

**III.     Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for modification of the Discovery and Scheduling Order, filed August 15, 2012, is granted;
2. The discovery cutoff date is November 30, 2012, and the dispositive motion deadline is January 11, 2013;
3. All other provisions of the Discovery and Scheduling Order remain in effect; and
4. Plaintiff's motion, filed August 20, 2012, is denied.

IT IS SO ORDERED.

Dated:   **October 9, 2012**                              /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE